[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
There is no factual dispute that the funds in issue came from the plaintiff's settlement of his claims for personal injuries sustained in a motor vehicle collision. Payment was made by the automobile liability insurance carrier for the alleged tortfeasor. It is also undisputed that the assessed cost of the plaintiff's incarceration in Connecticut exceeds the amount of his settlement.
The issues necessary for a resolution of this motion are subsumed into two questions of law. Does the State of Connecticut have a statutory lien on his recovery pursuant to C.G.S. § 18-85b and does C.G.S. §52-352b (e) exempt such proceeds from attachment?
As a matter of law the court concludes that under the facts the state enjoys the benefit of the lien imposed by § 18-85b. The funds in question derive from his cause of action for personal injuries as aforesaid and as such are expressly within the mandate of § 18-85b.
Such settlement proceeds, also as a matter of law, do not qualify for exemption under C.G.S. § 352b (e). By definition from the express language of that statute, payments under a third-party automobile liability policy are not payments under a health and disability insurance policy. The source of payment controls, not the payee's intent. Otherwise payment under any insurance policy would qualify and such interpretation is contrary to the clear limiting language of § 52-352b (e).
Moreover, to give § 52-352b (e) the broad scope argued for by the plaintiff would trump § 18-85b and render it a nullity. This bizarre result was surely not intended by the legislators' subsequent enactment of § 18-85b which is specifically directed to funds received from a cause of action. By confining § 52-352b (e) to payments made from a health and disability insurance policy, as clearly intended by its text, harmony is achieved between the two statutes. CT Page 2790-h
Accordingly, there is no basis for either representative or individual liability on the part of the defendant.
Motion granted. CT Page 2790-i